Barnard, P. J.
The basis upon which the accounting is taken is not open •to dispute. It was settled by the interlocutory decree, and the decree by stipulation is not appealed from, and no claim is to be made that it should b'e set aside. The only question, therefore, is as to accuracy of the accounting upon ■the principles settled by that decree. The first question presented is whether the referee erred in failing to credit $3,516.65. This question was of serious moment upon the hearing preliminary to the first decree: The decree of necessity falsified the evidence in support of this item. The title to the property depended upon this finding against the entry; in support of it depends the title ,of the property as determined by the interlocutory decree. Upon the present hearing there is a violent dispute between the parties. The plaintiff asserts the falsity of the books made by defendant, and denies the fact as to the indebtedness claimed by defendant. There is no rule which will permit an appellate court to reverse upon this question. As to the Dean-Street mortgage, the evidence seems to show that the first mortgages were taken up by new ones, and these are-considered. The case does not show that any material evidence as to payment by defendant vvas excluded because there were no vouchers. The payments, and to whom made, wereadmitted. Theloss of the vouchers was not proven, and no attempt was made to prove their contents. The refusal to receive the checks given to Sage was not harmful. It did not show anything beyond the fact of payment, which defendant testified to. The charge for rents is based upon sufficient evidence in favor of it. This subject was the occasion of very conflicting evidence, but the weight of it is in favor of the finding. The Cincinnati property was adjudged by the first decree to be joint property. The plaintiff testified that there was due him on account thereof $3,397.40. The referee allowed less than that $3,516.66. Thedefendant denied the it.em wholly, and upon cross-examination an entry was shown *335 him in the books which was supposed to be at variance with this denial. It was proper to admit this single entry, and there was no legal right to compel the plaintiff in such connections to put in the whole body of the books of account. There was given on the trial evidence tending to impeach the defendant, and he was asked if he was not indicted for perjury,—if certain suits had not been decided against him. He admitted the indictment, and denied the result of the actions as claimed. The evidence was harmless. The question put to the defendant about some girl in Goshen was proper on cross-examination. He had excused or mitigated certain facts which made this inquiry permissible on cross-examination. The judgment should be affirmed, with costs. All concur.