FARLEY, Sheriff, et al. v. GIBBS.

(Supreme Court, General Term, Second Department. February 11, 1889.)

1. JUSTICES OF THE PEACE—JURISDICTION—REDUCTION OF DEMAND.
    Where it appears in an action before a justice that the amount due from defendant exceeds the jurisdiction of the justice, but plaintiff elects to take judgment for a sum within the jurisdiction of the justice, no objection can be made to such jurisdiction.

2. EVIDENCE—BOOK-ENTRIES—WHEN ADMISSIBLE.
    In an action for goods sold, a ledger in which entries of goods purchased by the defendant were transcribed from an original order-book every day is admissible in evidence, without accounting for the absence of the original order-book.

Appeal from Kings county court.

Action by Charles B. Farley, as sheriff, etc., and Alice R. Symons against Josephine A. Gibbs, to recover on an account due from the defendant to William Symons, a debtor of the plaintiff Alice Symons. On the trial Mr. Pearsall, the book-keeper of William Symons, testified that goods sold to the defendant were first entered in an order-book and the entries were transcribed from that book to a ledger every afternoon. Judgment was given for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Rollin E. Beers, for appellant. John F. Lott, for respondents.

BARNARD, P. J. The plaintiff Symons obtained an attachment against the property of William Symons. Under this attachment the sheriff attached the books of account of the debtor. Under section 678 of the Code, leave was granted for the plaintiff to sue the defendant for an account due the debtor in his own name joined with the name of the sheriff. This was done by an action brought in a justice's court of the city of Brooklyn. The complaint demanded $250, and upon the trial the evidence showed a larger sum to be really due, but the plaintiff elected to take judgment for the sum of $250. There is no evidence why the judgment should be reversed. The jurisdiction of the court depended on the amount claimed, and the amount for which judgment was rendered. The proof of the claim was sufficient. The entries in the book were made by the clerk Pearsall every day. The original order-

• book was not essential. The original book was produced. The entry was made in that every afternoon by the clerk who made the sales during the day. The judgment should be affirmed, with costs. All concur.