### JOHNSON v. VAN NAME.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. EVIDENCE—EXPERT TESTIMONY—ALTERATIONS IN BOOK ENTRIES.
   In an action on account, tried before a referee, expert testimony that certain entries in plaintiff's book of account were written over other entries; also that certain entries were made out of their proper order,—was properly excluded, any alterations made being such as the referee could see.

2. SALE—ACTION FOR PRICE—PROOF OF QUANTITY.
   In an action for goods sold, where plaintiff testifies that he shipped them, and directed his daughter to write down the shipments as they were made; that on comparison he found such memorandum to agree with defendant's books, and the daughter corroborates the plaintiff,—the quantity of goods sold will be held established in accordance with plaintiff's claim, as against the denial of the defendant that he received such quantity.

Appeal from judgment on report of referee.

Action by Stephen Johnson against Joshua V. Van Name to recover an alleged balance due from the defendant on account of oysters sold to him. On the trial the defendant offered to show by an expert accountant that certain entries in plaintiff's book of account were written over entries that were there before, and that other entries were made out of their proper order. From a judgment for plaintiff, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Calvin D. Van Name*, for appellant. *Ingraham & Allen*, for respondent.

BARNARD, P. J. The proof clearly shows that the plaintiff sold to the defendant 120 barrels of oysters at $5 per barrel, amounting to $600 in value. The plaintiff testified that he shipped them, and directed his daughter to write down the shipments as they were made. The daughter supports the plaintiff in this statement, and the plaintiff further testifies that he compared the memorandum so made with the defendant's books, and the accounts agreed. The defendant admits the price per barrel, but "did not receive as much as one hundred and twenty barrels." The amount of payments is also made the subject of dispute. The defendant gave evidence tending to show that the balance was about $50, and the plaintiff to the effect that there was over $200. The referee has found the balance at $205, and there is nothing in the evidence calling for a reversal of the finding. The evidence offered in respect to the appearance and order of the dates in the plaintiff's account-book was properly

rejected. The book was before the referee as evidence, and unless there was something he could not see, such as careful erasures or other facts calling for expert testimony, he was the proper person to trust with the evidence. The judgment should therefore be affirmed, with costs. All concur.