## VAUGHN *v.* STRONG.

*(Supreme Court, General Term, Third Department.* March 16, 1889.)

EVIDENCE—BOOK ENTRIES.

In an action against an administrator for money alleged to have been held by the intestate as trustee for plaintiff, it is reversible error for the referee to admit in evidence on behalf of defendant, upon proof only of the intestate's handwriting, entries in a book containing only private memoranda in intestate's favor, where such evidence bears upon material questions, in regard to which the evidence is conflicting, with no decided preponderance either way.

Appeal from special term, Washington county.

Action by Nannie L. Vaughn against Mary M. Strong, as administratrix of Thomas J. Strong, deceased, to recover moneys received by the intestate as trustee or friend for plaintiff, she being then an infant. The report of Robert Armstrong, Jr., referee, in favor of defendant, was confirmed, and judgment entered thereon, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*D. J. Sullivan,* (*W. Farrington,* of counsel,) for appellant. *G. M. Ingalsbe,* (*Lyman H. Northup,* of counsel,) for respondent.

INGALLS, J. Upon the trial practically two questions were litigated: *First,* who was the owner of the fund of $1,750 which was placed in the hands of

said Thomas J. Strong?. whether Mrs. Anna E. Vaughn, or her children, of whom the plaintiff is one; *second,* whether the said Thomas J. Strong made any advances for the benefit of Mrs. Vaughn and her children, or either of them, which were properly chargeable upon the fund in his hands. It is needless to discuss the process by which such fund came to his possession, as there is no ground for doubt that he held it for the benefit of some of the parties above mentioned, and the only inquiry in that regard was for whom. Upon both questions considerable evidence was given by the parties, respectively, upon the trial; and such evidence was conflicting to such extent that we are not prepared to say that a very decided preponderance was produced by either party. We are convinced that a fatal error was committed by the referee in admitting as evidence on behalf of the defendant the entries in the private book and diary of Thomas J. Strong, upon proof merely that such entries were in his handwriting. The books contained only private memoranda in his favor, and were therefore inadmissible in favor of the defendant, who was his representative. Such evidence cannot be disregarded by this court, upon the ground that the defendant has made it affirmatively to appear that the plaintiff's case has not been prejudiced by the admission of such evidence, as such is not the case. It was calculated to influence the mind of the referee, as it bore upon the material questions involved, in regard to which the evidence was conflicting, with no very decided preponderance either way. The case shows that such evidence was received, as follows:

"Grenville M. Ingalsbe, being sworn for defendant, testified as follows: I knew Thomas J. Strong in his life, and was well acquainted with his handwriting. (Book shown witness.) This is one of the books of General Strong. Pages 8, 9, 10, and 11 are in his handwriting. (These four pages offered in evidence. Objected to by plaintiffs as hearsay, immaterial, and improper, as establishing no charge against the plaintiffs; that there is no proof to entitle it to be read in evidence as a book of account, and purports to be a transaction with Anna E. Vaughn only. Objections overruled. Exception by plaintiffs. The four pages received in evidence. and marked, each page, 'Defendant's No. 11, May 31, 1888.')

### Mrs. Anna E. Vaughn, Dr.

| | | | |
|---|---|---|---:|
| **1870.** | | | |
| Dec. | 6. | Pd. Sabia cash, | $ 10 00 |
| **1871.** | | | |
| | | J. S. Hubbell, team, | 5 00 |
| Feb. | 14. | For dress for Anna, | 8 50 |
| May | 2. | Fare for Anna to Albany, | 2 35 |
| June | 16. | Cash to Willie, | 15 00 |
| | 26. | Cash, | 50 00 |
| Nov. | 11. | Cash, | 25 00 |
| | 21. | Cash, | 25 00 |
| Dec. | 10. | Cash, | 10 00 |
| | 25. | Cash, | 55 00 |
| **1872.** | | | |
| Jan. | 13. | To cash, | 5 00 |
| Apr. | 23. | Cash, | 20 00 |
| May | 3–5. | Cash and expenses to New York, | 84 00 |
| June | 3. | Cash to Willie, | 20 00 |
| | 8. | Cash to Willie, | 5 00 |
| July | 6. | Cash to Willie, | 3 00 |
| | 16. | Cash to Willie, | 3 00 |
| Aug. | 3. | Cash to Willie, | 70 |
| | 6. | Clothes for Tommy, | 12 00 |
| | 22. | Cash to Willie, | 9 25 |
| Sept. | 9. | Cash, | 10 00 |

| Oct. | 12. | Draft to Willie, | $ 25 00 |
|---|---|---|---|
| | 26. | Pd. G. W. Clark, bill, | 9 85 |
| Nov. | 16. | Cash, | 1 00 |
| Nov. | 22. | A. B. Davis, bill, | 9 49 |
| Nov. | 23. | Cash for calico, | 75 |
| Dec. | 6. | Cash, | 5 00 |
| 1873. | | | |
| Jan. | 7. | Cash, | 2 50 |
| Jan. | 10. | Paid expenses, | 2 25 |
| Jan. | 21. | Cash, | 5 00 |
| Jan. | 31. | Cash to Willie, | 50 |
| Apr. | 15. | Cash to Willie, | 2 00 |
| May | 9. | Cash to Willie, | 2 00 |
| Jun.9, | 10. | Pd. for Willie, Troy, | 5 65 |
| | 19. | Cash, | 2 00 |
| July | 4. | Cash to Willie, | 1 00 |
| July | 10. | Cash, | 2 00 |
| July | 21. | Cash to Willie, | 75 |
| July | 31. | Cash, | 1 00 |
| Aug. | 21. | Cash to Willie, | 2 00 |
| Sept. | 27. | Cash, | 2 00 |
| Oct. | 1. | Pd. Scully for clothes for Willie, | 9 50 |
| Oct. | 11. | Pd. for shoes for Nannie, | 3 25 |
| Oct. | 17. | Pd. G. W. Clark, bill, | 69 67 |
| Oct. | 25. | Pd. Union Store, shoes for Willie, | 4 50 |
| Nov. | 5. | Cash to Willie, | 1 25 |
| Nov. | 26. | Cash ck., | 20 00 |
| 1874. | | | |
| Jan. | 1. | Cash to Willie, | 75 |
| Jan. | 14. | Telegram and cash, | 5 50 |
| Feb. | 25. | Cash to Willie, | 50 |
| Mar. | 14. | Cash to Willie, | 50 |
| Apr. | 8. | Cash to Willie, | 50 |
| Apr. | 15. | Cash and fare for Willie, | 4 85 |
| Apr. | 18. | Pd. bill of A. B. Davis, | 25 81 |
| May | 16. | Cash, | 5 00 |
| May | 23. | Pd. E. Scully for Willie, | 13 00 |
| June | 26. | Cash, | 25 |
| July | 30. | Pd. bill of G. W. Clark, | 108 55 |
| Aug. | 5. | Pd. bill at Saratoga, | 1 50 |
| Sept. | 19. | Pd. bill of A. B. Davis, | 18 47 |
| Oct. | 28. | Pd. Willie, | 25 00 |
| Nov. | 9. | Cash, | 5 00 |
| Dec. | 11. | Cash, | 10 00 |
| Dec. | 21. | Pd. expenses, | 60 |
| 1875. | | | |
| Jan. | 1. | Cash to Willie, | 25 00 |
| Feb. | 8. | Cash, | 2 00 |
| May | 3–4. | Cash, | 7 00 |
| June | 12. | Pd. bill of Dr. Fearly, | 10 00 |
| June | 21. | Cash for Sabia, | 2 00 |
| July | 3. | Cash for Tommy and Nannie, | 50 |
| July | 15. | For Tommy, shoes and paper, | 80 |
| July | 19. | Pd. G. W. Clark on account, | 75 00 |
| Aug. | 13. | Pd. Willie, check, | 20 00 |
| Aug. | 26. | Cash, | 5 00 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Oct. | 4. | Pd. bill at M. S. Teller's, | - | - | - | | $ 3 | 96 |
| Oct. | 7. | Cash, | - | - | - | - | - | 2 | 00 |
| Oct. | 26. | Cash to Willie, | - | - | - | - | 10 | 00 |
| Nov. | 24. | Pd. bill at M. S. Teller's, | - | - | - | - | 2 | 74 |
| Dec. | 23. | Cash, | - | - | - | - | - | 5 | 00 |
| 1876. | | | | | | | | | |
| Feb. | 2. | Pd. Tommy, cash, | - | - | - | - | 1 | 50 |
| Feb. | 20. | Cash, | - | - | - | - | - | 2 | 50 |
| July | 15. | Cash, | - | - | - | - | - | 20 | 00 |
| Oct. | 5. | Cash to Willie. | - | - | - | - | - | 30 | 00 |
| Nov. | 11. | Cash, | - | - | - | - | - | 5 | 00 |
| Dec. | 3. | Cash, | - | - | - | - | - | 10 | 00 |
| Dec. | 13. | Pd. Pocklington, | - | - | - | - | 1 | 25 |
| Dec. | 28. | Cash, | - | - | - | - | - | | 50 |
| 1877. | | | | | | | | | |
| Jan. | 2. | Pd. M. S. Teller, bill, | - | - | - | - | 11 | 98 |
| Jan. | 13. | Cash to Tommie, | - | - | - | - | 10 | 25 |
| Jan. | 23. | Cash pd. G. W. Clark, | - | - | - | - | 75 | 00 |

"(Another book shown witness.) This is one of the diaries of General Strong. *Question.* Look at the entry after the date of Saturday, June 24, 1871. State the entry as to the Sandy Hill Bank and Mrs Vaughn. (Objected to by plaintiffs as not evidence against the plaintiffs, and also on the ground of objection made to the previous question as to the admission in evidence of the account-book. Objection overruled. Plaintiffs except.) *Answer.* It is in the handwriting of Thomas J. Strong, and reads: ' S. H. Bank, Dr., to balance to date, $1,956.25. To certified check, $1,750. Anna E. Vaughn, Cr., by certified check of Swift, $1,750.00.' "

Hereupon the evidence closed on both sides, and the foregoing is all of the evidence given on said trial. We discover no rule of evidence which would justify the receiving of such private memoranda, made for the benefit of the party making the same. As well might the defendant have proved the declarations of Thomas J. Strong to third parties as evidence in support of the defense. Such entries were not made in the presence of the parties interested in the fund, or under circumstances by which they might be regarded as a part of the *res gestæ.* The evidence indicates that the plaintiff had no knowledge of such entries until the trial of the action. Foundation was not laid for the introduction of such books as books of account, and there can be no rational pretense that they can be so regarded under the circumstances. The counsel for the plaintiff sufficiently objected to the admission of such evidence when offered, and excepted to the ruling of the referee in receiving the same. The error thus pointed out seems so material and fatal to the recovery herein that further examination of the case is not called for. The judgment and the order confirming the report must be reversed, and a new trial ordered before another referee, with costs to abide the event, as provided by the statute in such cases.

LEARNED, P. J., and LANDON, J., concur.