## HEALD *v.* MACGOWAN.

(*Common Pleas of New York City and County, General Term.* May 6, 1889.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PARTNERSHIP.

    A New York firm, composed of G. and D., being in straitened circumstances, it was resolved that G. should go to Australia for the purpose of making sales sufficient to relieve the firm, and that D. should remain in charge of the business. After G.'s departure, D. became alarmed at the increasing embarrassments of the firm, and telegraphed G. to return and help him. G. replied, stating his reasons for not abandoning his Australian trip, and advising D. what course to pursue. He also gave D. certain directions as to preferences, etc., should an assignment become necessary. *Held* sufficient authority to D. to execute an assignment for the benefit of creditors in the firm name at any time it should become necessary during G.'s absence. Following *Klump* v. *Gardner*, 21 N. E. Rep. 99.

2. TROVER AND CONVERSION—DEMAND.

    Defendant was in possession of certain electrotype plates owned by G. & Co., his debtors, who made an assignment for the benefit of creditors. Defendant, with notice of the assignment, sued G. & Co., recovered judgment, caused the plates to be sold, had them purchased for his benefit, and sold them again. The assignee sued for the conversion, but did not prove that the plates were in defendant's possession when they were demanded of him. *Held*, that plaintiff could recover, as the conversion consisted in the wrongful assertion of title to and the disposition of the property, and did not depend on demand and refusal.

3. SAME—MEASURE OF DAMAGES.

    The measure of damages for the conversion of such plates is their value at the time of the conversion, in estimating which their cost, and the cost of replacing them, and the facts that they had a use which was valuable to plaintiff, and that they could have been used in reprinting the work for which they were made, if another edition should be demanded, are relevant and material facts, there being no market value for them.

4. APPEAL—PRACTICE—HEARING AND REHEARING.

    A reargument will not be granted unless it appears that some question argued by counsel, and decisive of the case, has been overlooked, or that the decision is in conflict with a statutory provision, or with a controlling decision, to which the attention of the court was not drawn through the inadvertence of counsel.

Appeal from trial term.

Action by John O. Heald against Robert MacGowan, to recover the value of certain electrotype plates converted by defendant. Plaintiff claimed as assignee of G. H. Gardner & Co. under the general assignment act. The defendant denied plaintiff's title, and the validity of the assignment. The firm of Gardner & Co. consisted of G. H. Gardner and David Daggett, and they were engaged in a general export commission business, trading principally with persons in Australia and New Zealand, for whom they made purchases. In order to increase their trade they compiled and published a catalogue of American manufactures for distribution among foreign merchants. They received pay from the manufacturers whose goods were thus advertised, the latter furnishing the copy and plates, while Gardner & Co. did the work, including the electrotyping. One volume and two supplements were published when the firm of Gardner & Co. failed, and nothing further was done. Gardner & Co. employed defendant to do the composition, electrotyping, and press-work of the book, of which 2,000 copies were to be printed, for the sum of $1,200. Defendant made most of the electrotype plates, which, after they were used were stored at his place of business. The assignment of Gardner & Co. was made by Mr. Daggett while Mr. Gardner was in Australia. Being embarrassed for money, Mr. Gardner went to Australia for the purpose of making sufficient sales, if possible, to relieve them; the business being man-

aged by Mr. Daggett. The latter, after Gardner's departure, became alarmed at their increasing difficulties, and telegraphed him to return. Gardner replied, giving reasons why he thought the interests of the firm would be furthered by his remaining away, and informed Daggett that he believed he could raise the necessary funds. He directed that if it should be found necessary to make an assignment certain preferences should be made, and certain assets included. He also gave many suggestions as to the best course to avoid the necessity of an assignment. Gardner then proceeded to Australia, where he remained until after the assignment was made, which was October 10, 1885. This letter constituted Daggett's only authority from Gardner to make the assignment. Defendant afterwards brought an action against Gardner & Co. to recover the balance due for the printing of the books, and recovered judgment, on which execution was issued, and the plates, then in defendant's possession, were sold, including both those made by defendant and those furnished by Gardner & Co. They were purchased by defendant's book-keeper for $25. It was contended by defendant that if the plates made by him ever became the property of Gardner & Co. he had at least a specific lien on them for making them. The plaintiff contended that the lien had been discharged by payment, and a number of bills rendered and checks paid were introduced to prove that fact. Defendant offered to prove the contrary by his book-account against Gardner & Co., but it was rejected. The measure of damages was also a disputed question, defendant urging that, as the plates had served their purpose, it not being shown that Gardner & Co. intended to print from them again, or that they had any market value as plates, they were only worth the price of old metal. Plaintiff had a verdict and judgment for $2,895, and defendant appeals.

 *King & Clement,* for appellant. *Henry P. Starbuck,* for respondent.

 PER CURIAM. This is an action for the conversion of certain stereotype plates, brought by the plaintiff as assignee of G. H. Gardner & Co., under a general assignment for the benefit of creditors. We are of opinion that no error in the trial of the case is shown by the exceptions. The validity of the assignment for want of sufficient legal authority in Mr. Daggett, one of the partners of G. H. Gardner & Co., to execute it, and the rulings of the court admitting and excluding evidence as to the value of the property, and in the charge and refusal to charge in respect to such value, are the points raised by the exceptions in the case.

 The first matter assigned as error is that the court erred in refusing to dismiss the complaint or direct a verdict on the ground of the validity of the assignment for the reason that it was executed by Mr. Daggett alone, and was not sufficiently authorized by his partner, Mr. Gardner. As to this it is only necessary to say that the question has been passed upon by the general term of the supreme court in the case of *Klumpp* v. *Gardener,* 15 N. Y. St. Rep. 100, and this assignment has been held to have been authorized by the letter of the absent partner, and to be valid, and that this decision has since been affirmed by the court of appeals. 21 N. E. Rep. 99. There can be no doubt of the correctness of the ruling in refusing to dismiss upon the ground that the property was not in defendant's possession or under his control at the time it was demanded of him, in view of the evidence in the case that in October, 1885, about two months after the assignment, and with notice thereof, the defendant brought an action against the assignors, and obtained a judgment by default in the city court, and caused the sheriff to levy upon and make sale of the plates to his book-keeper for a trifling sum, through whom he subsequently transferred them to Arkell & Douglas. There being evidence in the case that the defendant had wrongfully disposed of the plates, it would not have been proper for the court to take the case from the jury upon this ground. The conversion consisted of this assertion of title to the plates, and the un-

lawful disposition of them, and did not depend upon the demand and refusal.

There was no error committed in excluding the account. The account produced was claimed to be the ledger account of Gardner & Co. with the defendant. It was not shown that it had ever been rendered to the plaintiff's assignors in the course of dealings between them and the defendant, and it was offered without any effort to furnish the due preliminary proof. The defendant's books would have been competent evidence but for the failure to comply with the requirements of law as to the admissibility of books of account in evidence. Books containing entries made by those whose duty it was to make them in the usual course of business, are competent when other requisites are sufficiently established. The defendant sought to put his accounts in evidence without complying with the rules governing their admission.

The rulings of the court in reference to the evidence of value are not open to objection, nor is any part of the charge as to the measure of damages. The proper rule of damages was prescribed by the judge, namely, the value of the property at the time of the conversation. In estimating that value, proof of the cost of the plates, and the cost of replacing them, and that the plates had a use which was a valuable one, and all proof in reference to the usefulness of the plates to the plaintiff, was material and relevant, and was properly admitted. These plates would doubtless be of trifling value to many, for they had no market value. The actual value to one who owns and has uses for them is the just rule of damages in an action against him who converts them to his own use. We think the case was properly and carefully submitted to the jury, and do not think that the verdict should be disturbed. Judgment and order affirmed, with costs.

### ON MOTION FOR REARGUMENT.

#### (June 3, 1889.)

PER CURIAM. A comparison of the points presented to the court on appeal with the opinion delivered will show that all of them were duly considered, and we think correctly decided. A reargument will not be granted unless the court can see that some question submitted by counsel and decisive of the case has been overlooked, or that the decision is in conflict with an express statute; or with a controlling decision to which the attention of the court was not drawn through the oversight of counsel. *Mount* v. *Mitchell*, 32 N. Y. 702; *Curley* v. *Tomlinson*, 5 Daly, 283. No such grounds are made apparent in this case, and the motion must therefore be denied, with costs.