DAVID H. HANCOCK, Respondent, *v.* KITTY A. FLYNN, Appellant.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

1. *Evidence. Contract.*—A comparison between the profits and losses of preceding and present years is inadmissible in an action for a breach of contract.

2. *Same. Books of account.*—Books of account, in which some of the entries were not made by, or under the direction of, the verifying witness, are not competent evidence.

3. *Former adjudication. Bar.*—A judgment, which has been reversed, does not constitute a bar to a subsequent action between the parties.

Appeal from a judgment entered in Onondaga county in the county court of that county upon the report of a referee, in favor of plaintiff for $53.50 damages. The action origi-

nated in a justice's court and came into the county court for a retrial, where a reference was ordered.

The plaintiff complained of the defendant " for breach of contract and damages to goods and material; injury to plaintiff's business to the amount of $200."

Her answer contained a denial and a counterclaim growing out of a breach of a contract bearing date October 2, 1886, between the parties. That contract was as follows :

"SYRACUSE, N. Y., October 2, 1885.
"I hereby agree to give Miss Kitty A. Flynn $22 weekly for six (6) months from date, and at the expiration of that time $25 for the next six months. She on her part agrees to accept the position of dressmaker and general superintendant and fulfil the duties, not later than Wednesday, October 7th, '85.
"D. H. HANCOCK,
"K. A. FLYNN."

Defendant entered under such contract the employment of the plaintiff on the 7th of October, and remained until the month of April, 1886, when she was discharged by the plaintiff.

The referee finds, as a fact, viz.: " Plaintiff had good and sufficient cause for discharging the defendant from his employment." As a matter of law he finds, viz.: " That said defendant was properly discharged from the employment of plaintiff, and for good and sufficient reasons." He finds as a fact that the defendant was liable to the plaintiff for negligence and carelessness in respect to the " Blackstock " garment, $20.00 : " Fienberg " garment, $10.00 ; " Harvey " garment, $10.00 ; " Wardner " garment, $8.00 ; " Burns " garment, $3.50 ; " Crawford " garment, $2.00, making a total of $53.50.

*Stone, Gannon & Petit,* for appellant.

*Waters & McLennan,* for respondent.

HARDIN, P. J.—Whether the plaintiff was authorized to discharge the defendant from his employment or not was a prominent question litigated upon the trial. The appeal book presents a conflict in the evidence in respect thereto. And the finding of the referee would probably meet with our approval in that regard if we were satisfied that no error was committed in receiving evidence which bore upon the question.

The practical construction which the parties gave to the contract was to the effect that if the defendant injured any goods or caused any loss to come to the plaintiff by reason of her unskillful or improper discharge of her duties, she would sustain such loss.

When Robert Stoddard, a witness for the plaintiff, was upon the stand, he was asked if he had looked up the figures for the year preceding Miss Flynn's administration, to determine whether the profits were more or less than while she was in the employ of the plaintiff, and he testified that he had; and he also testified that the number of girls kept in the prior period was about eight. This evidence was objected to upon the ground that it was immaterial. The objection was overruled and an exception taken. He was then asked what was the number of girls that was kept by her, and his answer was, "About twelve." Thereupon the following question was put to him: "Now what were the profits of the business for the preceding season prior to the time when she was employed." This was objected to, on the ground that there is no foundation laid for the evidence. The objection was overruled, and an exception taken. His answer was: "The profits were $115.47;" thereupon the following question was propounded to the witness: "What were the profits, if any, during the season the defendant was employed there?" Objected to on the same grounds as before; the same ruling. "The loss was $317.11 for the same period of

time as the previous season." We think this evidence may have borne influentially upon the question of whether or not the plaintiff was warranted in discharging the defendant from his employ, and that its reception was error. Nor do we think the complaint was sufficient to warrant giving this class of evidence for the purpose of recovering damages for a breach of defendant's contract.

Plaintiff criticizes the objection that was taken to the evidence. It appears by the appeal book that when this class of evidence was offered, the defendant objected to it as immaterial, and later on, when the question was propounded, she objected to it upon the ground that there is no foundation laid for the evidence; and when the question was propounded, as to whether or not there were any profits during the season that defendant was employed, the objection, as it appears in the appeal book, was in the following language : " Objected to on the same grounds as before." Under the circumstances, we think the defendant is entitled to insist that the evidence was immaterial, and we are inclined to a conclusion that we cannot say that the evidence produced no injurious effect to the defendant upon the critical and contested issue relating to her discharge from the employment of the plaintiff.

2. We think the evidence is very meagre in respect to some of the items of damage allowed by the referee.

3. We are of the opinion that the litigation and judgment had before A. E. Oberlander, a justice of the peace, was not a bar to this action. This court has already held that that judgment was rendered without jurisdiction, and has reversed the same. It was therefore not binding upon the parties at the time of the trial of this action. Flynn *v.* Hancock, 46 Hun, 368.

4. When the witness Stoddard was asked as to the account kept with the defendant, he stated that the original accounts were in court, as we understand the appeal book. Thereupon he was asked, viz.: " Will you tell us what is due Mr. Hancock, according to those accounts ? " This question was

objected to and the objections were overruled, and the defend-
ant took an exception. Thereupon the witness stated that
the accounts were not all kept by him ; some by him and
under his direction. It is then stated that the books were
offered in evidence, and objections thereto were overruled
and the defendant excepted, and the books put in evidence,
marked " plaintiff's exhibit A." The witness was then in-
terrogated : " Will you tell us the amount that she owes
Mr. Hancock ? " and he answered : " We charged her $92.81
and credited with $75.18, which leaves a difference of $17.-
63."

It appears by the witness' testimony that he did not make
all the entries in the books ; some of them were made by his
brother.

Under all the circumstances, we think the books were not
competent evidence against the defendant.

Judgment reversed on the exceptions and a new trial
ordered in the county court of Onondaga county, with costs
to abide the event.

MARTIN and MERWIN, JJ., concur.

---

### NOTE ON " ACCOUNT BOOKS AS EVIDENCE."

The rule that the books of a tradesman or other person engaged in busi-
ness, containing other items of account, kept in the ordinary course of book
accounts, are admissible in favor of the person keeping them, against the
party against whom the charges are made, after certain preliminary facts
are shown, has no application to the case of books or entries relating to
cash items or dealings between the parties. Smith *v.* Rentz, 131 N. Y. 160.
The rule admitting account books of a party in his own favor in any case is
founded upon a supposed necessity and is intended for cases of small traders
who keep no clerks, and is confined to transactions in the ordinary course
of buying and selling or the rendition of services. Id. The same necessity
does not exist in respect to cash transactions. They are usually evidenced
by notes, or writing, or vouchers in the hands of the party paying or ad-
vancing the money. Id.

To make books competent evidence under the rule laid down in Vosburgh
*v.* Thayer, 12 John. 462, the party seeking to use them must prove :

(1.) That the party kept no clerk.

(2.) That some of the articles charged in the account had been delivered.

(3.) That the books produced are the account books of the party.

(4.) He must prove, by some witness who has dealt with him and settled with him from such books, that he kept fair and honest accounts.

Upon such proof, the books become competent evidence for the consideration of the court or jury. Dooley *v.* Moan, 57 Hun, 535. This rule has not been changed or relaxed by any of the legislation making parties competent witnesses in their own behalf, or by any judicial determination. Id.; Knight *v.* Cunnington, 6 Hun, 100; Gould *v.* Conway, 59 Barb. 355; Ives *v.* Waters, 30 Hun, 298; Beatty *v.* Clark, 44 Id. 126.

Books of account are admissible on compliance with requirements of law. Heald *v.* MacGowan, 15 Daly, 233.

The ledger, in which entries were daily made by a salesman, is competent without producing the original order book. Farley *v.* Gibbs, 51 Hun, 643.

Account books are evidence against a party, whether kept by himself or others. Adams *v.* Olin, 61 Hun, 318.

In Cobb *v.* Wells, 124 N. Y. 77, an action was brought to recover for iron and materials alleged to have been furnished by plaintiffs' assignors upon defendant's order. Testimony was given to the effect that the bookkeeper of such firm daily weighed the iron, took an account of the work and made entries thereof in the firm book. The correctness of the items taken by him and to whose account they were applicable was proved by the foremen. Some of the members of the firm verified the charges. Evidence of persons who had made settlements of their accounts upon the books was given as to the correctness of the accounts kept upon them. It was held that the books were properly received in evidence.

An account book is not evidence of special contract as to the payment of debts by crediting it upon account against another party, nor of its performance, till actual application. Griesheimer *v.* Tanenbaum, 124 N. Y. 650.

The private book and diary of a deceased testator, upon mere proof of handwriting, is inadmissible in favor of his representative. Vaughn *v.* Strong, 52 Hun, 610.

The entries of a deceased person are not admissible in favor of his personal representatives. Schwartz *v.* Allen, 24 N. Y. St. Rep. 912.

Nor are his declarations. Id.

The absence of the new account, to which the balance in favor of an executor was carried, does not reduce the effect of an admission of indebtedness shown by the statement of settlement. Matter of Powers, 58 Hun, 603.

Original verified entries are not admissible, unless unrecollected or part of *res gestæ.* National U. C. Bank *v.* Madden, 114 N. Y. 280.

The statement of an account, not made by defendant or any person under his direction or in collusion with him, is inadmissible against him to charge him with a deficit. Panama R. R. Co. *v.* Charlier, 54 Hun, 637.

The partnership books are competent as evidence of the issue of firm notes to a special partner for loaned money and his appropriation of them

as capital to the special partnership. Kohler v. Lindenmeyer, 58 Hun, 513.

Entries in partnership books are *prima facie* evidence against a special partner. Id.

The testimony of a clerk as to entries, without producing the books, is inadmissible. Nat. Bk. of Rep. v. N. P. Co., 56 Hun, 136.

When books of account are incompetent. Hancock v. Flynn, 54 Hun, 638; Chamberlain v. Dunlop, Id. 639.

When entries in party's account book not evidence in his own favor. Doolittle v. Stone, 55 Hun, 604.

Account books, recognized by the opposite party as correct, are admissible. West v. Van Tuyl, 119 N. Y. 620.

Parol evidence of contents of, or absence of entries in, account book, is inadmissible. Brayton v. Sherman, 119 N. Y. 623.

Evidence as to apparent erasures in account book, is inadmissible. Johnson v. Van Name, 51 Hun, 644.

Book entries, though brought out by his adversary, are not conclusive in party's favor. Brown v. Recknagle, 56 Supr. 330.

When a party may introduce a single entry without being compelled to put the whole book in evidence. Von Bocklen v. Berdell, 50 Hun, 605.

## NOTE ON " EFFECT OF PRODUCTION OF BOOKS, ETC., ON NOTICE."

A party is not bound, *it seems*, to read a paper in evidence simply because it was produced by the opposite party on the trial at his request and was inspected by him. Carradine v. Hotchkiss, 120 N. Y. 608.

Where a book or document is produced on notice, and the party calling for it merely inspects it, this does not make it evidence in the case for the party producing it. Smith v. Rentz, 131 N. Y. 169. The party who has in his possession books or papers which may be material to the case of his opponent, has no moral right to conceal them from his adversary. If on inspection the party calling for them finds nothing to his advantage, his omission to put them in evidence does not prevent the party producing them from proving and introducing them in evidence if they are competent against the other party. Id. The party calling for books and papers would be subjected to great hazard if an inspection merely would make them evidence in the case. Id. Such a rule would tend rather to the suppression than the ascertainment of truth. The opposite rule seems better calculated to promote the ends of justice. Id.

The production of books and papers on notice is the voluntary act of the party. Id. If he refuses, it may authorize the other party to give secondary evidence of their contents, which the party having possession cannot answer by producing them. Id. But, if they contain facts favorable to the other side, they ought to be disclosed; and, if production is refused, the party refusing may justly incur the danger of having secondary proof given of their contents. Id.