## VAUGHN *v.* STRONG, (two cases.)

*(Supreme Court, General Term, Third Department.* November 26, 1890.)

CLAIMS AGAINST DECEDENT'S ESTATE—EVIDENCE—INCOMPETENCY.

　　The proceeds of insurance on the life of plaintiffs' father, was received by their mother's brother, with whom plaintiffs, who were minors, and their mother, resided for several years after their father's death; and he, about and after the time of the receipt of the money, repeatedly stated that it belonged to plaintiffs, and was held by him for them, a certain portion to each. On his death, intestate, they presented claims therefor against his estate. *Held*, that evidence that the intestate

had asked credit from a merchant for plaintiffs' mother, and had paid the account, was not competent to show that the money belonged to her, or as proof of a set-off, or to raise an implied equity in favor of intestate.

Appeal from judgment on report of referee, Washington county.

Claims by Thomas S. Vaughn and by Nannie L. Vaughn against Mary M. Strong, as administratrix of Thomas J. Strong, deceased, which, being disputed, were referred to a referee appointed by the surrogate, who reported in favor of defendant. From the judgments for defendant entered thereon, respectively, plaintiffs appeal. For a decision on a former appeal, see 4 N. Y. Supp. 686.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

D. J. Sullivan, (W. Farrington, of counsel,) for appellants. Grenville M. Ingalsbe, (L. H. Northup, of counsel,) for respondent.

MAYHAM, J. These cases were tried together as one action, and involved the same questions of facts and law, and are argued and submitted together on this appeal. The cases arise out of a claim made by the appellants, respectively, against respondent as administratrix, which were rejected by her and referred under the statute to a referee approved by the surrogate of Washington county. The referee reported in favor of the defendant in each case, and his report was confirmed, and judgment for costs entered in favor of defendant. The undisputed facts disclose that Edward A. Vaughn died in 1871, intestate, leaving, him surviving, Anna E. Vaughn, his widow, and William F. Vaughn, Nannie L. Vaughn, and Thomas S. Vaughn, his infant children. At the time of his death there was a policy of insurance on his life for $2,000. That in June, 1871, after the death of the assured, one Swift, who appears to have been the holder of the policy, paid on account of the same to Thomas J. Strong, defendant's intestate, and who was a brother of Anna E. Vaughn, $1,700. The insurance policy is not in evidence, and it nowhere appears in the case who was named as beneficiary. The estate of Edward A. Vaughn was never administered upon, and no personal representative was ever appointed for him. After his death, his widow and children resided with Thomas J. Strong, brother of the widow, and defendant's intestate, then an unmarried man,—she and her youngest son about seven years, and the other two children for a less period. The appellants contend that this money was received by their uncle, the defendant, for them and their brother, William F. Vaughn; and their uncle, Thomas J. Strong, at the time of the receipt of the same, apportioned the same, $650 to William F., $600 to Thomas S., and $500 to Nannie L., and held the same in trust for them in such amounts, and these actions or proceedings are prosecuted by these claimants for their respective shares, and they must be treated as parties plaintiff, prosecuting their respective actions upon that theory, and the ordinary rules of evidence applicable to such actions must be applied. The burden of proof is upon plaintiff to establish that the money in the hands of the defendant's intestate, was their money in the amounts indicated. If it was, then it would not be subject to the control of, or liable for, their mother's debts, and any payment to her, or on her account, is no defense to these actions. If it was not theirs, then it matters little in these actions to whom it belonged, or what disposition was made of it, as in that case they would not be entitled to recover, even though it belonged to the estate of their father, for in such case the personal representative, and not the heir, would in the first instance be entitled to the fund.

The proof relied upon by the plaintiffs to establish their title to the money were the statements of the defendant's intestate, at about the time of the receipt of the insurance money, and during the time these plaintiffs and their mother resided with him. The testimony of the mother of the plaintiffs upon this point was: "My brother Thomas J. Strong was to hold it for the benefit

of the children, all of them. It was proposed to invest this money, and Mr. Strong proposed to invest it as he thought best. Mr. Swift said he thought he might invest it, as he could do so perhaps to very good advantage; but my brother said he thought he was capable of investing it fully as good, and he could take it, and was willing that he should. I don't recollect whether it was the same day—it was soon after—Mr. Strong came into the sitting room. He had some paper in his hand,—I did not read the paper,—and asked me if I was satisfied with the division of this money as it was talked over, and I said I was perfectly satisfied. He said it was $600 for the boys, or $650 for Willie, $600 for Tommie, and $500 for Nannie. And he says, 'Are you satisfied now with the way it is divided?' And I says, 'I am, perfectly.' He always said it was the children's money, and that I could not have any of it; that I had no right to it, or that he could not let me have it. I often proposed taking it and using it to my advantage, but he says, ' You can't use a dollar of this money. I can't let you have a dollar of this money; it is the children's.'" Another witness, Helen M. Holbrook, a sister of intestate, upon this point testifies: "I had a good many conversations with my brother, Thomas J. Strong, about the money he had received. It was the money that was transferred to his keeping by Mr. Swift. In these conversations, he always said the money was for the children, and not for the benefit of Mrs. Vaughn in any way. He several times spoke about her wanting to have some of that money. He said she could not have the money; it was in trust for the children." Laura L. Baily, another sister of intestate, in her deposition, taken by commission, on this subject, says: "I remember distinctly that Mr. Swift handed the check of $1,750 to my brother, Thomas J. Strong.　*　*　* From the talk then and there, I understood this was paid over into my brother's hands for the benefit of these three children.　*　*　* He always spoke of this money as received by him in trust for these three children, and that it was held by him for their use and benefit. He never spoke of it in any other way than that it belonged to the children." This evidence of the statement of intestate, as proved by these witnesses, is not contradicted, but the force of the evidence of these witnesses is sought to be broken somewhat by the cross-examination, but it must be conceded that their evidence upon this point remains unchanged, and, standing alone, it seems it would be sufficient, as against the personal representative of the intestate, Thomas J. Strong, *prima facie* to show that he received and held this money in trust for the children of Edward A. Vaughn, deceased, and cast upon the defendant the burden of overthrowing such *prima facie* case, or accounting for the money to these plaintiffs. Upon this subject, no direct evidence was offered by the defendant, but she seeks by circumstances to raise the presumption that this was the money of Mrs. Vaughn, and doubtless a fact may be proved by circumstances; but the circumstantial evidence must be competent in itself. A party may not resort to illegal evidence to prove a circumstance which, when proved, may tend to establish a material fact. One of the circumstances sought to be used by the defendant upon this subject is found in the testimony of Guy W. Clark. After proving by him that he was a merchant doing business in the vicinity of the residence of the parties, and that intestate was a customer of his, and that he was authorized by him to open an account with Mrs. Anna E. Vaughn, in 1872, defendant's counsel asked Clark this question: "*Question.* Now, what passed between you, what did you say, as to this account of Mrs. Vaughn?*" This question was objected to by the plaintiffs' counsel, and the objection was overruled, and plaintiffs excepted. Another witness was permitted to state the conversation between him and defendant's intestate, in which Strong directed witness to give credit to Mrs. Vaughn, and at the proper time he would pay it, which he did. The witness was then asked to examine his own books of account, and state the payments on the same made by intestate, which plaintiffs also objected to, but the objection was overruled

and an exception taken, and the witness proceeded to state at length from the book the payments made by intestate. This was clearly proving the acts and declarations of defendant's intestate, in the absence of the plaintiffs, or of any one representing them, as to a transaction not constituting a part of the *res gestæ*, and seems clearly inadmissible, within plainest elementary rules of evidence, and it cannot, we think, be said that the evidence had no influence on the determination of the referee. It is true that the intestate stated no reason to the witness for asking that credit be extended to Mrs. Vaughn, or for paying the amount of the account, but the referee was left to deduct perhaps a false inference that intestate held funds belonging to her. A party cannot be permitted, by his own statement, thus to make evidence for himself in the absence of the other party. Evidence not more objectionable than this, and of a kindred nature, was received on a former trial of this case, and it was held error, for which judgment was reversed. *Vaughn* v. *Strong,* 4 N. Y. Supp. 686.

We think, also, that the referee erred on the trial in receiving in evidence a copy of account between the witness Clark and Mrs. Anna E. Vaughn. Had this action been between defendant and Mrs. Vaughn, it might have been competent as proof of a set-off or counter-claim, but, as against these plaintiffs, it was clearly incompetent for any such purpose. Nor do we see how it was competent as bearing on the question of the title to this money. If the money belonged to the plaintiffs, or the three children of Mrs. Vaughn, she could not hypothecate it or charge it with any liability for her debts, as the plaintiffs were infants, and incapable of contracting or consenting in reference to it. The object of the testimony probably was to show some implied equity in favor of the defendant's intestate. But, if the plaintiffs failed to show a right to the money, and that the intestate held it for them, no such implied equity need be proved by defendant, as the plaintiffs would necessarily fail in their action; and, on the other hand, if their right to the money was established, it could not be defeated by any arrangement or agreement, expressed or implied, between their mother and intestate; so that, in any view, as against these plaintiffs, the evidence was incompetent and inadmissible.

Other questions arose on the trial, and are presented on this appeal, but we need not discuss them here, as the error to which reference has been made seems sufficient to require a reversal of the judgment. The judgment must be reversed, and a new trial ordered before another referee, with costs to abide the event, as provided by the statute in such cases. All concur.