GEORGE L. FRANKINSTEIN *v.* ANDREW J. THOMAS.

The plaintiff entrusted a picture belonging to him to A. to deliver to B. & Co., for exhibition and sale. A. took the picture to B. & Co., and obtained a receipt for it in his own name, and pledged the receipt to defendant to secure a loan of money, and the defendant, by means of the receipt, obtained the picture from B. & Co. *Held,* that A. had not been entrusted with the possession of the picture for sale within the meaning of the factors' act (L. 1830, p. 203, ch. 179, § 3), and that the defendant could not hold it as security for his advances made on the faith of the receipt.

In an action for the conversion of an article, the commercial or market value of which is not clearly ascertainable, the court will not disturb a judgment for damages against the wrongdoer based upon the owner's estimate of the value of the article, the wrongdoer having had knowledge of the plaintiff's estimation of the value.

APPEAL by defendant from a judgment of the Third District Court, in an action for conversion of personal property.

The facts are stated in the opinion.

*Charles H. Bailey,* for appellant.

——————— ———————, for respondent.

BY THE COURT.*—DALY, CH. J.—The judgment in this case, upon the points chiefly discussed, was right. Sanders was not, in the language of the factors' act, "entrusted with the possession" of the picture "for the purpose of sale" (Laws of 1830, p. 203, ch. 179, § 3). He was simply authorized to take it to the store of Brown, Spaulding & Co., to be left there for exhibition and sale. The evidence was this: Sanders called upon Mr. Spaulding, a part of the business of whose firm it was to sell pictures, and invited him to go and look at pictures in a place to which he directed Spaulding, which place it is evident, from the testimony, was the plaintiff's room or studio. He showed Spaulding a number of sketches, but the only picture that Spaulding would take, was the picture in question. The

---

* Present, DALY, Ch. J., ROBINSON and J. F. DALY, JJ.

plaintiff was not present, nor did Spaulding know anything of the plaintiff, or that he was the owner of the picture, until the plaintiff called at his store to inquire about it. Up to that time, as he testified, he knew no one in the transaction but Sanders. After Spaulding's visit, Sanders told the plaintiff that Spaulding had been to see about some pictures, and wanted the picture in question sent down for exhibition and sale, and the plaintiff gave the picture to Sanders, as he testified, "*to take to Brown & Spaulding's for exhibition and sale.*" Upon this evidence, which was wholly uncontradicted, it is very clear that the possession of the picture was not entrusted to Sanders, in the language of the statute, for the purpose of sale, but to Brown & Spaulding. The plaintiff entrusted the possession of it to Sanders to take to them, and that was all. They, and not Sanders, were the parties in the transaction, who would, within the meaning of the factors' act, " be deemed the owners of the picture, so far as to give validity to any contract for money advanced to them upon the faith thereof," for the simple reason that they were the persons with whom the possession of it was entrusted by the plaintiff for the *purpose of sale.*

When Sanders left it at their store, he did all that the plaintiff had given him any authority to do, so far as appears from the evidence; and his taking a receipt for it, in his own name, to give him the indicia of the right to its possession, and the apparent right of ownership, was a proceeding on his part certainly unwarranted by anything which the plaintiff had done, who had not given it to him to sell, nor given him any right to assume the possession of it, whilst it was in Brown & Spaulding's store upon exhibition, or afterwards. The giving of any such receipt for a picture left for sale was an unusual thing in Brown & Spaulding's business. When Sanders asked for it, Spaulding objected, saying that that was something they never gave, and he obtained it only by falsely representing that the object of the receipt was that the insurance might be transferred to their store, giving Spaulding to understand that the insurance value of it was $500. It was by this fraudulent contrivance that he obtained the indicia of ownership that enabled him to defraud the defendant, by obtaining an advance from him of

$50 upon it, as his own property. There is no essential difference in principle between this case and *Covell* v. *Hill* (6 N. Y. 374). There, the owner of lumber lying upon the bank of a canal, authorized a party to ship the lumber to a firm in Albany, in the owner's name, and the party shipped the lumber to the firm in his own name, and assumed to sell it to them, drawing upon them for advances, which draft they accepted, giving the assumed consignor credit for the lumber upon his general account, he being largely indebted to the firm. It was held by the Court of Appeals, that the transaction was merely a bailment to the agent, and that he was not a factor entrusted with the possession of the property for sale, so as to be deemed the true owner, under the factors' act. So, in this case, there was but a temporary bailment of the picture to Sanders, that it might be conveyed to the store of Brown & Spaulding, with whom the plaintiff, at Sanders' suggestion, had consented that the possession of it might be entrusted, for the purpose of exhibition and sale.

Under the evidence, the judge fixed the value of the picture at what, I think, was a large sum, but we cannot reverse the judgment upon that ground. The evidence was conflicting as to whether it had any market value or not. Whether there is, in fact, any market value in respect to pictures, or any commercial or ascertainable rate by which their value can be determined, as can be done in respect to merchandise generally, was left by the evidence in doubt; the value or price of such works depending, as an experienced artist testified, upon a variety of considerations, some of which were enumerated by the witness, such as the reputation of the artists, &c. With the finding of the court below, therefore, upon such a point, we cannot interfere. The judgment should be affirmed.

ROBINSON, J.—This being an action for the conversion of a painting made by the plaintiff, the knowledge of the wrongdoer of the estimation (*pretium affectionis*) which the plaintiff had placed upon the article, constituted (beyond any opinion of experts as to the market value) a just basis for the judgment below in the plaintiff's favor (Sedg. on Dam. 65, 542). A con-

trary rule would afford to thieves and wrongdoers a premium for speculating upon a possible verdict of a jury founded upon the opinion of experts or a subsequent sale of the article even, at a sheriff's sale by auction (*Campbell* v. *Woodworth*, 20 N. Y. 499). Some other basis of value than that was applicable to the article in the hands of the owner.

Judgment affirmed.