HENRY V. SCATTERGOOD, Appellant, *v.* SAMUEL WOOD et al., Respondents.

Plaintiff, who had invented an improved cotton gin, and had applied for letters patent therefor, contracted to sell the same to defendants, and to assign the letters patent when obtained, for a sum specified; the contract contained a warranty that said cotton gin would "be equal in all respects to the best saw gin then in use." In an action upon the contract, wherein defendant set up a breach of the warranty as a defense, *held,* that the testimony of men, competent from education and experience to express an opinion as to whether plaintiff's invention was in fact equal to the best saw gins, was competent; that the inquiry related to a matter which was not the subject of general knowledge but which depended on facts, from their nature difficult if not impossible to be testified to, and it could only be answered by one having peculiar knowledge and skill in the use of this and other machines.

Plaintiff having given evidence as to the comparative merits of this and other machines, *held,* that he could not object to the giving of similar evidence on behalf of defendant.

(Argued December 4, 1879; decided December 19, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendants, entered upon the report of a referee.

This action was brought to recover the purchase-price agreed to be paid in and by a contract between the parties. The contract recited that plaintiff was the inventor of an improved cotton gin and condenser attached thereto, and had applied for letters patent therefor; this he contracted to sell to defendants, and to assign the letters patent when issued, for a sum specified. The contract contained this clause: "Said party of the first part (plaintiff) warrants said cotton gin to be equal in all respects to the best saw gin now in use." Defendants set up as a defense, among other things, a breach of this warranty. After the receipt of the evidence on the part of plaintiff, which is set forth in the opinion, defendants called various witnesses who, after giving testimony showing that they were familiar with

the working of cotton gins and had seen plaintiff's gin work, were asked whether, in their opinion, plaintiff's gin was equal in all respects to the best saw gin then in use, of which they had knowledge. This was objected to on the ground, among others, that it called upon the witness to decide the question submitted to the referee for his decision; the objections were overruled, and plaintiff's counsel duly excepted. The witnesses answered, substantially, that plaintiff's invention was not equal to saw gins then in use.

Further facts appear in the opinion.

*J. E. Dewey*, for appellant. It was error to receive in evidence the opinions and conclusions of defendants, and the expert witnesses called by them as to whether plaintiff's gin was equal to the best saw gin then in use. (*Steinbach* v. *La Fayette Ins. Co.*, 54 N. Y., 90, 96; 1 Phillips' Ev., 558, 560, 660; 1 Gr. Ev. [11th ed.], 605, § 440; 2 Ph. on Ins., § 2112; *Jameson* v. *Drinkald*, 12 Moore, 148; *Sills* v. *Brown*, 9 Carr. & P., 601; *Heroy* v. *Van Pelt*, 4 Bosw., 60, 62; *Norman* v. *Wells*, 17 Wend., 137, 161–164; *Lincoln* v. *Sar., etc. R. R. Co.*, 23 id., 425, 432–434; *Morehouse* v. *Mathews*, 2 Comst., 514; *Terpenning* v. *Com. Ex. Ins. Co.*, 43 N. Y., 279; *Simons* v. *Monier*, 29 Barb., 420, 425; *Hudson* v. *Caryl*, 2 T. & C., 245; *Reynolds* v. *Robinson*, 64 N. Y., 595–596; *Harger* v. *Edmonds*, 4 Barb., 256–258; *Giles* v. *O'Toole*, id., 261–264; *Robinson* v. *Kinne*, 1 T. & C., 60, 62.)

*Samuel Wood*, for respondents.

Danforth, J. The complaint alleges that by the contract the plaintiff "did warrant said cotton gin to be equal in all respects to the best saw gin then in use." The defendants reiterate this averment, and the contract set out in the answer, and accepted by the plaintiff as correct, justifies the statement. The defendants set up a breach of this warranty as a defense to the plaintiff's action, and the referee has found in

favor of the defendants upon that issue.   This finding is sustained by the General Term, and is obviously supported by evidence.   It cannot therefore be reviewed in this court.

The learned counsel for the appellant however insists that the referee erred in receiving the opinions of witnesses upon the point referred to, but we think the evidence was properly admitted, and that the exception thereto must fail.   In the first place testimony of the same character had already been given by the plaintiff, and in the next place the fact in issue could only be determined by a comparison of the merits of various machines, with those of one constructed under the plaintiff's invention.   There was an inquiry of the plaintiff's principal witness, concerning the " condition of the cotton as to cleanliness as it came from different machines," and he says " from the plaintiff's gin it was cleaner and whiter," and from comparison he speaks of the greater production of one machine over the other, the quality of its work, economy of operation, and facility of repair, in each instance giving an opinion. The plaintiff speaking as a witness, and testifying in his own behalf, goes a little farther.   Referring to the contract he says, at the time of making it, " I was acquainted with the various saw gins then in use"   *   *   *   and being asked by his counsel, " How did the saw gins compare with the American Needle Cotton Gin and Condenser " (the one in question) " at the time of the execution of the contract   *   *   *   in their operation and working," answered, " They were very inferior to the American Needle Cotton Gin and Condenser at the time of the execution of the contract." Similar testimony was given by Viall and True, both witnesses for the plaintiff.   The example thus set was followed by the other side, and the plaintiff's objection is therefore unavailing.   But we think the evidence was competent.   The defendants' witnesses called to express an opinion were not merely experts, nor were they called upon to give an opinion upon a theoretical state of facts, but were asked for their judgment upon matters within their personal knowledge, happening under their own observation, and concerning which they

were competent from education and experience to form and declare an opinion.

The general rule requires a witness to testify to facts, and not conclusions. Yet to this rule there are exceptions, and one is here presented. The parties by their contract required that the cotton gin covered by the patent "should be equal in all respects to the best saw gin then in use." To determine this question, special knowledge was necessary, and this could be best acquired by experience in the use of that and other machines made for a like purpose. Indeed it is doubtful whether any other person could answer it. The invention or a machine made under it could be described, and its operation, as it affected the quantity and quality of the substance with which it was fed, stated to the referee ; and all this was done, but it was also proper to take the opinion of competent persons, as to its practical working, and its comparative value.

The inquiry related to a matter which was not the subject of general knowledge, but depended on facts which from their nature it would be difficult if not impossible to place before the referee, and the statement embodied in the opinion given in evidence, was itself a fact derived from peculiar knowledge and skill in the use of the various machines referred to. It was the result of professional knowledge, and practical experience (*Emerson* v. *Lowell Gas Light Co.*, 6 Allen, 146), and the question raised by the warranty could hardly be answered except by the direct opinion of those, who possessing this superior knowledge and experience had seen the machines in operation, or knew the merits of machines constructed under the plaintiff's patent, and others then in use. Upon this ground therefore, as well as the one first stated, I think the evidence objected to was properly received. Nor do I discover that the referee erred in any other ruling.

The judgment should therefore be affirmed.

All concur.

Judgment affirmed.