46 66
87 587
46 66
26ap396
26ap444
46 66
47ap330
46h 66
50ad587
46h 66
56ad 82
46h 66
163a 534

GEORGE SCHWANDER, as Administrator of PETER SCHWANDER, Deceased, Appellant, v. MARTIN H. BIRGE and Others, Respondents.

*Evidence — when the opinion of an expert, as to whether an employer has provided suitable means of escape for employees, should not be received — the question is one for the jury.*

This action was brought to recover damages resulting from the death of the plainsiff's intestate, an employee of the defendant, which was alleged to have been caused by the negligence of the defendant in failing to provide suitable means or facilities for his employees to escape from a building which was used by the defendant in the manufacture of paper, and especially from the fifth floor thereof. There was only one stairway leading from the fifth story, while from the fourth, third and second floors there were two descending stairways. There was, however, a door leading from the fifth floor to the roof of an adjoining building, and there was a scuttle to which there was no stairs or ladder. The building was destroyed by fire on December 17, 1880. Most of the employees, but not the plaintiff's intestate, escaped, several of them, who were on the fifth floor, doing so through the door leading to the roof.

Upon the trial the defendant's superintendent was asked, "Was that, in your judgment, a proper and sufficient mode of access and egress from the building under any circumstances?"; to which question an objection, taken by the plaintiff upon the ground that it was a question for the jury and was incompetent and improper, was overruled. Without taking any answer the same witness was asked, and against the plaintiff's objection and exception allowed to answer, the following question: "From the experience that you had, and in exercising your judgment in relation to the preparing of this building and this room for the work and manufacturing carried on there, did you regard this stairs and this door as a sufficient and proper mode of egress if any accident occurred?"

*Held*, that the court erred in admitting the evidence, as the question whether the means of egress were reasonably sufficient, and all that due care required of the defendant to provide for his employees, was one for the jury.

(Cases bearing upon this question cited and considered by Bradley, J.)

Appeal from a judgment entered on the verdict of a jury ordered at the Erie Circuit.

*Adelbert Moot*, for the appellant.

*William B. Hoyt*, for the respondents.

Bradley, J.:

The action was brought to recover damages resulting from the death of the plaintiff's intestate alleged to have been occasioned by

the negligence of the defendant, who was engaged in the manufacture of wall paper at the city of Buffalo in a five-story building, which was destroyed by fire December 17, 1880. And by such fire Peter Schwander, then nineteen years of age, lost his life. He was an employee of the defendant and his duties took him on to all the floors of the building. The negligence of the defendant charged was in his alleged failure to provide suitable means or facilities for his employees to escape from the building at the time of the fire. When the case was here on review of the first trial the duties of the relation as employer and employee of the defendant and the plaintiff's intestate, and the principles applicable to it were declared by the opinion of the court. (33 Hun, 186.) And the facts appearing on this trial relating to the merits have not so modified the situation represented by them on the former trial as to render the rules of law applied on that review inapplicable to this one. In that view the evidence on the trial now under consideration was sufficient to take the case to the jury upon the question of liability of the defendant. The main controversy had relation to the situation of the fifth story of the building, and in respect to the means of egress from it. There was only one stairway leading from it, while from the fourth, third and second floors there were two descending stairways from each. There was, however, a door leading from the fifth floor on to the roof of an adjacent building, and there was a scuttle to which there was no stairs or ladder. The place where the plaintiff's intestate was at the time the alarm of fire was given does not necessarily appear by any evidence, but in view of the fact that he was occupied more or less on all the floors, there was an opportunity to infer that he may have been on the fifth floor at that time, although he was last seen by witnesses on the first and second floors from ten to twenty minutes before the fire. Most of the employees escaped and several on the fifth floor did so through the door leading to the roof before mentioned. The fire spread rapidly through the building and soon destroyed it, and about a dozen of the persons employed in it lost their lives by the fire. Upon the subject of the adequacy of the means of egress from the fifth floor provided by the stairs and door referred to, and the care of the defendant in that respect a witness on his part was asked, was that in your judgment a proper and sufficient mode of access and egress

from the building under any circumstances that might occur? To which the objection taken on the ground that it is for the jury and incompetent and improper was overruled and exception taken. Without taking any answer the further question was asked. From the experience that you had, and in exercising your judgment in relation to the preparing of this building and this room for the work and manufacturing carried on there, did you regard the stairs and this door as a sufficient and proper mode of egress if any accident occurred? To which objection was also made, overruled and exception taken. And the witness aswered " I always looked at it in that light." And later on the same witness testified that in his judgment all the precautions that were needful were taken to make this factory and the business that was carried on there safe. To which the defendant's counsel was permitted to take an exception. The witness was defendant's superintendent while he operated the factory, and had to some extent the preparation of the building for the business, preparatory to the work of manufacturing, which was commenced in 1879. The question of his competency as a witness to express the opinions given is not raised by the objection, and the exception goes only to the competency of the evidence. (*Curtis* v. *Gano,* 26 N. Y., 427; *Stevens* v. *Brennan,* 79 id., 255.)

But, as suggested by the objection, the question whether the means of egress were reasonably sufficient and all that due care required of the defendant to provide for his employees, was for the jury. That was one of the vital questions to be determined by them. And it is difficult to see that it came within the rule permitting the opinions of experts. This building was 161 feet in length and forty-seven feet in width, and the evidence tends to show that the room occupied the entire space on that floor between the outer walls. The location of the stairs and door, the distance from them to remote parts of the room could be stated and a complete description of the room given so as to convey to the jury an intelligent understanding of the situation. And when that can be done the rule requires that the testimony of witnesses shall be confined to a statement of the facts, and that the conclusions or opinions of witnesses be not permitted as evidence. (*Ferguson* v. *Hubbell,* 97 N. Y., 507, reversing 26 Hun, 250; *Hart* v. *Hudson R. B. Co.,* 84 id., 57, 60.) But when elements enter into the subject of

inquiry which cannot be described by witnesses so as to possess the jury with the information requisite to a complete understanding of it, the opinion of experts may be received. Such are the cases cited in support of the ruling. Whether a vessel was unseaworthy was held to be competent in *Baird* v. *Daly* (68 N. Y., 547), because it involved the result of an examination which could not be fully communicated to a jury in any other manner. The same may be said of *Bellinger* v. *New York Central Railroad Company* (23 N. Y., 42) where it was held competent for an engineer familiar with the locality and with the structures to state whether an embankment and bridges were skillfully constructed with reference to the creek. Also, whether the fastenings of a schooner were sufficient for her safety was held competent in *Moore* v. *Westervelt* (27 N.Y., 234) because the safety of the moorage of the vessel depended upon the sufficiency of the protecting power of the means employed to overcome the disturbing force of wind and water, which were matters of observation and experience and could not be embraced in a mere description of the causes and effects involved. The evidence of an expert whether a machine was constructed in a workman-like manner, was held competent for a like reason in *Curtis* v. *Gano* (26 N. Y., 426). The rule was applied in *Scattergood* v. *Wood* (79 N. Y., 263). And the admissibility of the opinion of an expert witness whether marble was properly stowed in a vessel (*Price* v. *Powell*, 3 N.Y., 322) can be supported on no other ground. (See *New England Glass Co.* v. *Lovell*, 7 Cush., 319; *White* v. *Ballou*, 8 Allen, 408.)

In sustaining the reception of the opinion of witnesses as to the safety of a highway in a certain locality, the court remarked that "the elements entering into the question of reasonable safety are numerous and often difficult to describe." (*Taylor* v. *Town of Monroe*, 43 Conn., 36, 45.) The application of the rule of evidence in cases of that character must be so qualified as to depend upon the circumstances, and cannot be treated as one to be followed in all cases where the question of the safety of highway arises. The case last cited has for like reasons been given the support of the decision by a divided court in *Laughlin* v. *Street Railway* (28 N. W. Rep., 873; 34 Alb. L. J., 134). See on the same subject *Lincoln* v. *Barre* (5 Cush., 590).

The governing rule deduced from the cases permitting the

opinions of witnesses is that the subject must be one of science or skill or one of which observation and experience have given the opportunity and means of knowledge, which exists in reasons rather than descriptive facts, and therefore cannot be intelligently communicated to others not familiar with the subject so as to possess them with a full understanding of it. In the case at bar none of the elements requisite to the opinion of an expert seem to exist in reference to the subject of inquiry referred to. It involved no question of architecture as such, no combination of forces or strength of structural support requiring scientific or mechanical deduction. The building had its passage-ways provided. The difficulty in reaching and using them as a means of escape might be dependent somewhat upon the place where the fire should start, the knowledge of the danger, and the rapidity of its progress through the building. In this instance the stairway was very soon rendered unavailable as a means of escape, but there was no difficulty in going out through the door for those who reached it. The character of the business carried on there was not important except as it affected the spread of the fire and the combustibility of the structure. The reasons which might cause failure to escape from the room may be various and are not the subject for opinion of witnesses, as the inferences may, as well as by them, be determined by the jury from the situation furnished by evidence of the facts. The inquiry was not whether the defendant or his superintendent deemed the opportunities provided sufficient for the employees to safely get out of the building, but whether in the judgment of the jury due care had been used in furnishing the means to escape from it in cases of emergencies within reasonable apprehension. The situation and condition of the premises and of the facilities for egress could be clearly described by evidence.

And we think did not come within the rule permitting the opinion of witnesses. And although a general objection may not have been effectual in support of an exception, the ground of the objection made to the first question put to the witness pointed sufficiently to the true reason for the inadmissibility of the evidence, and that ground must be deemed applicable to the objection to the question of like import following the unanswered inquiry first put to the witness. And the exception was well taken. It cannot be known whether this evidence

affected the result. But as it may have done so the error cannot be disregarded.

The judgment should be reversed, and a new trial granted, costs to abide event.

SMITH, P. J., and BARKER, J., concurred.

Judgment reversed, new trial granted, costs to abide event.