### WHITMARK *v.* LORTON.

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

TROVER AND CONVERSION—EVIDENCE OF VALUE.

In an action for conversion, testimony as to what plaintiff has paid, or agreed to pay, for the property, is no proof of its value, and, in the absence of such proof, nominal damages only are recoverable.

Appeal from fourth district court.

Action by Mary Whitmark against William B. Lorton for conversion of a sewing-machine. Plaintiff recovered judgment, from which defendant appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*J. Fennell,* for appellant. *M. Strassman,* for respondent.

BISCHOFF, J. There is nothing in the justice's return to indicate that this action was not originally brought to recover damages for conversion, and while, as an abstract proposition of law, the appellant's contention, that the justice had no power by way of amendments of the complaint to allow the substitution of any action sounding in tort for an action upon contract, must be conceded to be correct, (*Barnes* v. *Quigley,* 59 N. Y. 268; *Bockes* v. *Lansing,* 74 N. Y. 442,) the action of the appellate court reversing the proceedings of the trial justice must be predicated upon clear and convincing proof that the justice erred in the exercise of his powers. The summons issued out of a district court is uniform for all actions of which such courts have jurisdiction; and it was therefore not apparent from the summons issued herein that this action was not for conversion. The certificate of the justice to the return distinctly states that the action was for damage for conversion, and the proceedings upon the trial sustain the justice. The pleadings were oral, and this court is therefore not enabled to say that the amendment allowing the action to proceed was an action for the conversion of personal property,—was not prudential merely, though wholly unnecessary; and, for want of proof to the contrary, it must be so regarded.

The trial judge erred, however, in awarding more than nominal damages to the plaintiff. There is no proof of the value of the sewing-machine for the conversion of which this action was brought; and, in the absence of proof of value, nominal damages only are recoverable. *Connoss* v. *Meir,* 2 E. D. Smith, 314. It is true that plaintiff testified that she had paid $49 to one Tuckermann on account of the purchase price of the machine, but proof of what plaintiff has paid or agreed to pay for the thing alleged to have been wrongfully converted is no proof of its value. Judgment should be reversed, and a new trial ordered; costs to abide event.