## LEONCINI v. POST.

(*Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. WAREHOUSEMAN—LIABILITY FOR LOST GOODS.
   In an action to recover the value of property stored with defendant, evidence was offered by him tending to show that the property might have been lost or stolen when transferred with other property from one to another of his warehouses; but it did not positively appear that the property was so lost or stolen. *Held*, that such evidence was insufficient to require proof on the part of plaintiff that the supposed loss or theft could have been prevented by the defendant by the exercise of due care.

2. SAME—DEFENSES—PROPERTY IN THIRD PERSON.
   A party receiving property for storage will not, upon demand of restitution, be permitted to deny the claimant's title, by interposing a claim of ownership in a third party.

3. CONVERSION OF CHATTELS—DAMAGES.
   The measure of damages for the conversion of personal property having no market value is the cost of replacing it and its value to the owner for a particular use.

4. CONVERSION—WHO MAY BRING.
   The bailee of personal property has such title as will sustain an action for the recovery or conversion thereof, against a party having no title or right thereto.

Appeal from eleventh district court.

Action by Estella Leoncini against Edward S. Post to recover the value of a quantity of sheet-music belong to the plaintiff's husband, which had been annotated and transposed by him, and left in plaintiff's custody, and which she had stored with the defendant, who was a storage warehouseman, and who failed to return the same upon demand.

Argued before BISCHOFF, P. J., and PRYOR, J.

Abram L. Fromme, for appellant.   Frank G. Wild, for respondent.

BISCHOFF, P. J.   The storage of the property with defendant was sufficiently shown to warrant a finding of that fact in the plaintiff's favor, and it thereupon devolved upon defendant to show either a return or to account for its loss.   When it appears that the property has been lost or stolen, it then becomes the duty of the party seeking to recover to prove that the loss or theft could have been prevented by the warehouseman's exercise of due care; but, as is stated in Claflin v. Meyer, 75 N. Y. 263, "it is not of course intended to hold that a warehouseman refusing to deliver goods can impose any necessity of proof upon the owner by merely alleging as an excuse that they have been stolen or burned.   These facts must appear with reasonable certainty."   No testimony or other evidence was offered by the defendant on the trial tending to prove an actual loss or theft of the property, but it was attempted to show that it could have been stolen or lost while, with other property, it was being transferred from one of the defendant's warehouses to another.   It was, of course, possible that the property was thus stolen or lost, but it by no means follows that it was so stolen or lost, and the evidence offered did not therefore come within the ruling of the court of appeals above cited requiring proof on the part of the plaintiff that the theft or loss could have been prevented by the defendant by the exercise of due care.

We have examined the numerous exceptions taken by defendant to the rulings of the trial justice on the admission and exclusion of evidence, but fail to find any thereof of sufficient merit to warrant a reversal of the judgment.   The particular exception urged on the argument of this appeal by defendant's counsel was that taken to the exclusion of the following question addressed to Snape, called as a witness for the defense:   "Who superintended the removal from the Thirty-Third street to the Broadway warehouse?"   But, without passing upon the materiality thereof, it is sufficient to say that the error of its exclusion, if any, was fully cured by the fact that the same witness, with others called for the defense, was subsequently permitted to be examined at length concerning the matter included in the question propounded.

. Appellant's claim that this action was not maintainable by the plaintiff, it appearing that she was not the owner of the property for which she sought to recover, is not countenanced by what has repeatedly been declared to be well-settled law.   Having received the property from the plaintiff, defendant is not permitted to defeat her right to its return by interposing the claim of ownership in a third person.   Frost v. Mott, 34 N. Y. 253; Mullins v. Chickering, 110 N. Y. 514, 18 N. E. Rep. 377; Transportation Co. v. Barber, 56 N. Y. 547; Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. Rep. 360.

So, also, being the bailee of her husband, the true owner, with respect to the property, she was entitled to recover its full value as against the defendant, who had no title or right of possession thereto, (Fowler v. Haynes, 91 N. Y. 352; 1 Add. Torts, Dudley & B. Ed., p. 461;) and the recovery by the bailee bars a further action by the bailor, (4 Lawson, Rights, Rem. & Pr. p. 2935, § 1711, and cases cited.)

Neither was it error for the trial justice to allow plaintiff to introduce evidence tending to show that the sheet music had a special value to her husband because of annotations and transpositions inscribed thereon by him. When the owner seeks to recover damages for the conversion of personal property having no market value, the measure of damage is its cost, the cost of replacing it, and the value to him for a particular use, (Heald v. MacGowan, 5 N. Y. Supp. 450; Spicer v. Waters, 65 Barb. 227; Railroad Co. v. Burke, 40 Amer. Rep. 808; Scattergood v. Wood, 14 Hun, 269; affirmed, 79 N. Y. 263; Frankinstein v. Thomas, 4 Daly, 256;) and, if recovery by the bailee of the owner bars a further action by the bailor, there appears to be no sound

reason for limiting the amount of the recovery by the bailee to less than the bailor could have recovered, since eventually the former would have to account to the latter for the recovery had. The judgment appealed from should be affirmed, with costs.