LEOCIONI, Respondent, *v.* POST, Appellant.

*(Common Pleas of New York City and County, General Term.* June 22, 1891.)

Appeal from eleventh district court.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*L. F. Post,* for appellant.    *F. G. Wild,* for respondent.

No opinion.   Motion for leave to appeal to the court of appeal, and for reargument denied, with $10 costs.   For opinion on appeal, see 13 N. Y. Supp. 825.

---

MAYOR, ETC., OF CITY OF NEW YORK, Respondent, *v.* CENTRAL PARK, N. & E. R. R. Co., Appellant.

*(Common Pleas of New York City and County, General Term.* June 22, 1891.)

Argued before DALY, C. J., and BISCHOFF, J.

*Vanderpoel, Cuming & Goodwin,* for appellant.   *L. Steckler,* for respondent.

PER CURIAM.   The reasons for affirming the judgment in *Mayor, etc.,* v. *Railroad Co.,* 15 N. Y. Supp. 297, (decided at this term,) apply to the present case, which is also an appeal from a judgment of the district court in favor of plaintiff for a penalty incurred under the ordinance of the common council requiring city railroad companies to run cars between midnight and 6 o'clock A. M., and the judgment should be affirmed.

---

SUTORIUS, Appellant, *v.* NORTH, Respondent.

*(Common Pleas of New York City and County, General Term.* June 22, 1891.)

Appeal from special term.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*Davison & Chapman,* for appellant.   *D. W. Sherman,* for respondent.

No opinion.   Motion for reargument denied, with $10 costs.   For opinion on appeal, see 13 N. Y. Supp. 557.

---

BOEHM, Respondent, *v.* SHEDLINSKY, Appellant.

*(Common Pleas of New York City and County, General Term.* July 6, 1891.)

Appeal from first district court.

Action by Fanny Boehm against Moses Shedlinsky.

Argued before ALLEN and BISCHOFF, JJ.

*A. Stern,* for appellant.   *W. Lynn,* for respondent.

PER CURIAM.   The item of $14.45 damages to range and bursting of water-pipes through freezing, which appears to be included in the amount for which the jury rendered their verdict for the plaintiff, was too remote, and should have been disallowed, and defendant's exception to the refusal of the justice to instruct the jury to disallow that item requires a reversal of the judgment appealed from, unless plaintiff stipulates to reduce her recovery to that extent.   Judgment reversed, and a new trial ordered, with costs to abide the event, unless plaintiff stipulates to reduce the verdict and judgment appealed from by $14.45, in which event the judgment in the reduced amount is affirmed, without costs of this appeal.