(6 Misc. Rep. 388.)

### GLOVINSKY v. CUNARD STEAMSHIP CO., Limited.

(Common Pleas of New York City and County, General Term. January 4, 1894.)

**1. CARRIERS—LOSS OF BAGGAGE—SPECIAL CONTRACT.**

The agent from whom plaintiff purchased a ticket on defendant's ship charged her for extra weight on her baggage. The ticket provided that baggage exceeding a certain value "must be specially mentioned, and shipped under bill of lading as cargo," but did not provide for payment for overweight. *Held,* that there was a special contract for the carriage of plaintiff's baggage, and the provisions of the ticket were immaterial in an action for the loss of the baggage.

**2. SAME—REASONABLE QUANTITY OF WEARING APPAREL.**

Where a passenger, at the time of taking passage, states to the carrier of what articles her baggage consists, the carrier cannot afterwards

object that such articles were not properly included in a reasonable quantity of wearing apparel of the quantity, kind, and value suited to the owner's mode of living.

**8. SAME—PROOF OF VALUE.**

In an action against a carrier for loss of baggage, evidence of the cost of the goods and the length of time the owner had them, and the way in which they had been used, is competent on the question of value.

Appeal from city court, general term.

Action by Chaya Glovinsky against the Cunard Steamship Company, Limited, to recover the value of baggage alleged to have been lost in transportation. From a judgment of the general term of the city court (24 N. Y. Supp. 136) affirming a judgment entered on a verdict in favor of plaintiff for $283, defendant appeals. Affirmed.

Plaintiff was a passenger from Liverpool to New York, and the baggage was delivered to the agent of the steamship company in Hamburg. The defense relied upon was that the contract of transportation limited the liability of defendant to $50, unless the baggage was specifically mentioned, and shipped under a bill of lading as cargo; and that it was not so mentioned and shipped, if it were ever delivered to defendant, which was denied.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Owen, Gray & Sturges, (Frank D. Sturges, of counsel,) for appellant.

Mashbir & Cukor, for respondent.

DALY, C. J. The plaintiff's testimony was that the defendant's agent in Hamburg to whom she applied for passage to America, and who sold her a ticket therefor, charged her 20 marks for extra weight upon her packages as freight to New York, and that she paid that sum to him. The contract which the defendant relies upon as limiting its liability was contained, as is claimed, in the plaintiff's passage ticket, providing that "baggage of greater value than 200 marks must be specially mentioned, and shipped under bill of lading as cargo." There was no provision in the contract for payment for overweight, but it was stated that "a charge will be made for extra freight on shipboard at the rate of 50 marks a cubic metre." It is manifest that the arrangement made between the plaintiff and the defendant's agent in Hamburg was wholly outside of the provisions of the ticket contract, and therefore constituted a special and independent agreement for the transportation of the plaintiff's baggage to New York; and, the baggage not having been delivered, liability for the breach of the agreement cannot be avoided by reason of limitations not expressed in it. Defendant contends that the charges exacted in Hamburg were within the terms of the ticket contract, but the latter only provided for a charge for extra space, and not for extra weight. No provision of the written contract, therefore, could apply to the independent agreement; and plaintiff was not bound to ship her baggage under bill of lading as cargo, after paying the consideration, and thus completing the contract, for its shipment to New York. There was a conflict of evidence as to whether the charges paid in Hamburg were for freight from Russia to that city or to

New York. There was evidence on defendant's part that there was no charge for transportation to New York, but this question was submitted to the jury, and the finding is in plaintiff's favor. The exceptions alone remain to be considered.

Proof of the ticket contract issued to plaintiff was rejected. The original, which was delivered up on the ship, as plaintiff testified, was not produced, but an attempt was made to lay a foundation for secondary evidence of its contents. The contract offered in evidence was wholly immaterial and irrelevant to the issue by the plaintiff's proof, which established a special and independent contract. There was no dispute that the defendant's agent at Hamburg received certain freight charges from the plaintiff. Whether this was paid as freight to Hamburg or to New York could not be determined by anything contained in the ticket, and the exclusion of the latter deprived defendant of no material evidence on the issue before the jury.

On the question of the contents and value of the plaintiff's baggage defendant offered a paper purporting to contain declarations inconsistent with the plaintiff's testimony on those points. The paper was written by defendant's agent at its office in New York, but he was unable to say whether the information embodied in it was received from the plaintiff or her husband. It was conceded that both of them visited the office together, but the plaintiff denied that she ever saw the witness who took down the statements, and the name subscribed to the document by the agent was that of her husband. Under this state of proof the paper was not admissible as a contradiction of her testimony. Had the writer been able to identify the plaintiff as the person making the answers set down in the statement, it would have been receivable in evidence, as he had no other recollection of the conversation; but, as he was unable to say whether it was the plaintiff or her husband who made the answers he took down, the paper was properly excluded.

There was no error in the refusal to submit to the jury the question whether the plaintiff's apparel came within the rule that no recovery could be had for the loss of any article not properly included in a reasonable quantity of wearing apparel of the quality, kind, and value suited to the owner's mode of living. It appeared from the evidence given by the plaintiff that the defendant's agent in Hamburg was informed that she had a velvet dress and a fur cloak in her baggage when she was taking passage in the steerage. The defendant, thus having had notice of the character of the goods taken as baggage, and having agreed to transport them, is liable for their loss, even though they were not ordinary traveler's baggage. Stoneman v. Railway Co., 52 N. Y. 433.

The remaining exception is as to the proof of value of the goods which were not delivered. Plaintiff was permitted to give proof of the cost of the articles, and the length of time she had them. This was not error. Where property is lost, and cannot, therefore, be appraised, proof of its cost, and the way it had been used, was competent upon the question of value. Jones v. Morgan, **90** N. Y. 4.

In conclusion, the defendant had little to complain of in the verdict rendered, which was for less than half the plaintiff's demand, showing a discrimination on the question as to the amount and value of the goods claimed. Judgment affirmed, with costs. All concur.