(19 Misc. Rep. 638.)

## WATERMAN v. AMERICAN PIN CO.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

1. BAILMENT—NEGLIGENCE OF BAILEE—LOSS OF SUBJECT.
    The presumption arising from the failure of defendant to return to plaintiff a model delivered by her to defendant for the purpose of sending it to defendant's factory in another state, in order to estimate the cost of manufacture, is not rebutted by testimony of one of defendant's employés that he wrapped up the model, addressed it to the factory, and deposited it in the post office, "after putting stamps on it which he thought were sufficient to carry it through."

2. SAME—PROOF OF VALUE.
    Testimony of a bailor as to the cost of the subject of bailment is sufficient to sustain a recovery against the bailee for that amount, though it is shown that the reasonable value was much less.

Appeal from First district court.

Action by Sarah Waterman against the American Pin Company. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frederick G. Dow, for appellant.

Henry L. Maxson, for respondent.

BISCHOFF, J. There is no dispute as to the main facts surrounding the transaction between the parties out of which the plaintiff's claim arises, and it is contended by the appellant that, upon such facts, it should not have been held liable, the ground taken being that negligence in the treatment of property placed in its custody (the basis of the action) could not properly be inferred from the evidence. Plaintiff, the patentee of a "sadiron," brought a model of the article to the defendant, at its office in this city, with a view to obtaining an estimate of the cost of manufacture in quantity, and was thereupon informed that it would be necessary for the defendant to send the model to its factory in Waterbury, Conn., for the purposes of a proper estimate. To this the plaintiff assented, and left the article with defendant, calling attention to the fact that this was the only model which she had, and that it was for this reason valuable to her. Defendant's agent handed the model to an employé, with instructions to mail it to the factory; and this employé, called as a witness for the defendant, testified that he wrapped up such article, addressed it to the factory, and deposited it in the post office, "after putting stamps on it which he thought were sufficient to carry it through." The model never reached the factory, and was lost to the plaintiff, the defendant being unable to return it upon demand; hence this action.

As bailee, it was the defendant's duty to use ordinary care in the treatment of the thing bailed, and, for a loss occurring through the failure of that duty, it was chargeable, the burden of proof of negligence or of the failure of duty being upon the plaintiff. From the nature of the transaction and the relation of the parties, the law raised a presumption of negligence from the bailee's failure to redeliver the article at the termination of the period of bailment, and this presumption supported a prima facie case which it was for the defendant to rebut by proof of the exercise of due care. If the presumption were thus met, the plaintiff would have failed to sustain the burden of proof of the cause of action. Unrebutted, that presumption would support a recovery. Claflin v. Meyer, 75 N. Y. 260; Stewart v. Stone, 127 N. Y. 500, 28 N. E. 595; Ouderkirk v. Bank, 119 N. Y. 263, 23 N. E. 875. And whether the presumption was rebutted or not was a question for the trial justice to determine, upon the facts and the inferences to be drawn from such facts, the conclusion reached being unassailable, unless contrary to the preponderance of the evidence. The justice has found that the presumption raised by the plaintiff's proofs was not rebutted by the defendant, and we think that the finding was justified. Had

there been evidence clearly showing compliance by the defendant's servant with the rules of the post-office department when attempting to mail this package, it could not well be said that the defendant was negligent in choosing this method of transmission, but satisfactory proof of the fact was wanting. The defendant's servant did not have the package weighed, nor was it shown that he placed upon it stamps, of the value called for by its weight, to entitle the sender to its delivery through the post. The prepayment, in amount, was not proven. We have merely his assumption that he paid sufficient postage,—a conclusion with no facts to show that it was well founded; and hence no satisfactory evidence that due care had been exercised by the defendant in the treatment of the chattel while in its hands. The justice's determination that the presumption existing in favor of the plaintiff's case remained unrebutted was not contrary to the weight of the evidence, the alleged preponderance being based only upon this very unsatisfactory form of attempted proof, and there can be no hesitation in holding that the judgment, so far, is unassailable.

The point is made that the recovery was excessive, because based upon the plaintiff's testimony of the price paid by her for the construction of this model, it being contended that the defendant's evidence, given to show that the reasonable value of the article was much less, should have been accepted as establishing the damages actually. It is true that the defendant's witness, a model maker, testified that he thought that this model could be replaced for the sum of $30, but this was not controlling as against the plaintiff's testimony of the price actually paid by her for it. The article had no market value, and, from its nature, the actual value could be determined as well from the price paid as from the opinion of a witness of the cost of replacing it. Being the model of a new device, the personal requirements of the inventor had necessarily much to do with the matter of its construction; and while the defendant's witness may have been prepared to reproduce the article at less cost, to his own satisfaction, it does not follow that the result would reasonably have satisfied the plaintiff. The justice was quite well authorized to find the fact favorably to the plaintiff upon this conflict of evidence, and to base the judgment upon the proof of value furnished by the testimony of the actual cost price, under the circumstances of the case. Hawver v. Bell, 141 N. Y. 140, 36 N. E. 6; Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032; Jones v. Morgan, 90 N. Y. 4; Hangen v. Hachemeister, 114 N. Y. 566, 21 N. E. 1046; Glovinsky v. Steamship Co., 6 Misc. Rep. 388, 26 N. Y. Supp. 751. See, also, Heald v. MacGowan (Com. Pl.) 5 N. Y. Supp. 450; Scattergood v. Wood, 14 Hun, 269, affirmed 79 N. Y. 263; Frankerstein v. Thomas, 4 Daly, 256.

The case of Whitmark v. Lorton (Com. Pl.) 8 N. Y. Supp. 480, cited by the appellant, is to be read in the light of the facts upon which the decision proceeded, and must not be construed as enunciating a rule of any general application. There the chattel converted was bought by the plaintiff under a contract of sale conditioned upon the payment of the purchase price in stated installments, and,

since this contract price included both the value of the chattel and an additional charge to cover the credit extended, it was held that such price was not evidence of the reasonable value of the article thus sold. That case bears not the slightest analogy to the present, which falls within the general principle as applied in the cases above cited. The plaintiff had alleged a second cause of action, which was without merit, and gave evidence in support of a claim for damages thereunder, which would have been the basis of an improper item of recovery if accepted. It is stated by counsel for the respondent that this claim was abandoned at the trial, and, while the record itself is silent upon the point, it is not disputed by the appellant that the recovery was founded solely upon the cause of action for the loss of the chattel intrusted to its care.

Judgment affirmed, with costs. All concur.