(26 Misc. Rep. 3.)

## O'NEILL v. PATTERSON.

(Supreme Court, Appellate Term.  January 23, 1899.)

CONVERSION—EVIDENCE OF VALUE.

Proof of the value of household furniture when new is insufficient to support a judgment for the conversion thereof four months later, during which it had been in constant use; the measure of damages being the market value when the conversion occurred.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Hugh O'Neill against Matthew C. Patterson.  Judgment for plaintiff, and defendant appeals.  Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Elmer E. Cooley, for appellant.

George C. Coffin, for respondent.

GIEGERICH, J.  This action was brought to recover $442.90, as damages for the conversion of personal property.  The plaintiff, doing business as H. O'Neill & Co., at Sixth Avenue and Twentieth street, in the borough of Manhattan, sold to one C. A. Blohm household furniture of the value of $696.69.  At the time of the sale, Blohm signed and delivered the following writing:

"New York, November 10th, 1897.

"This is to certify that Messrs. H. O'Neill & Co., of 6th avenue and 20th street, have this day sold and charged to Mr. C. A. Blohm, of 27 West 64th street, New York, miscellaneous goods and furnishings, for flats 25, 27, 29, West 64th street, New York City, to the amount of six hundred and thirty-six and $48/100$ ($636.48), net, with the understanding that the one-half of the amount is to be paid within thirty days from date, and the balance, one-half, to be paid within sixty days from date of sale.  This instrument will serve as a bill of sale for these goods until the entire amount is paid.  Mr. Blohm further agrees not to dispose of any of the articles without consent of H. O'Neill & Co.

"[Signed]                                Chas. A. Blohm.
                                "H. O'Neill & Co.,
                                    "Per I. C. Brown.
"Witness:
        "J. M. Ochiltree."

The goods were delivered to Blohm at the premises above mentioned, and subsequently he paid $253.79 on account, leaving a balance of $382.69 unpaid.  Upon failure to make further payments, in pursuance to the terms above set forth, the plaintiff sought to reclaim the property, and discovered that the defendant had possession of the same, claiming title under a bill of sale from Blohm, bearing date January 12, 1898.  Demand was made upon the defendant, who admitted possession of the goods, but refused to deliver the same, and the plaintiff brought this action.

The instrument under which the plaintiff claims title was not filed in the register's office of the city and county of New York, where Blohm resided at the time of the execution thereof; and the defendant insists that by reason thereof it was void as to him.  In

disposing of this question, it is not necessary to determine whether such instrument is a chattel mortgage, or a conditional sale, as there was sufficient evidence to warrant the justice in finding, as he did, that the defendant was not a bona fide purchaser.

While fully concurring in the views expressed by the justice upon this subject, I think, nevertheless, the judgment should be reversed, because it is not based upon the market value of the chattels at the time of their alleged conversion. Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032; Hawver v. Bell, 141 N. Y. 140, 36 N. E. 6. Although there was proof of the value of the same at the time of their purchase, still this was not the measure of damages under the rule. The goods, as seen, were sold and delivered on or about the 9th day of November, 1897, but no demand for the return thereof was made until on or about the 29th day of March, 1898, the day of the alleged conversion,—a lapse of more than four months, during which time the greater part of the same had been in constant use by tenants of said flats. According to the testimony of Mrs. Blohm, the wife of said C. A. Blohm, the articles were located in particular flats or separate apartments in the premises in question, but that they were in fairly good condition, "considering the use they had." They had not deteriorated very much. "Of course, the china and destructible articles were broken, but the furniture and large pieces were intact, and pieces of china and bed linen were missing." Part of it had been destroyed, and some of the china, glass, knives, and forks had disappeared. The only other evidence touching upon deterioration was by a witness called by the defendant, one Solomon McLoughlin, a secondhand furniture dealer, who testified that he had examined the furniture in flat 25 on the second floor, and that, in his estimation, its market value was $65. The goods in suit were of a miscellaneous character. Some were lost or destroyed, and those remaining were not in the same condition as when delivered. Under these circumstances, proof of the original value was not sufficient as proof of the market value at the time of the alleged conversion, and the judgment not being based upon proper proof of damages, as to amount, a new trial must be ordered. In the absence of proof that the goods in controversy had no market value, the principle of the decision in Waterman v. Pin Co., 19 Misc. Rep. 638, 44 N. Y. Supp. 410, is not applicable to the present case. The fact that the question of the value of the chattels was not raised by the motion for dismissal of the complaint has no significance. The matter did not involve the legal sufficiency of the proof, since a judgment for some amount, in the plaintiff's favor, if but for nominal damages, was called for by the evidence that the chattels had some value. The difficulty is that the damages awarded were clearly excessive, because based solely upon proof of their value when new, whereas the evidence can lead only to the conclusion that this did not represent their actual value at the time of the conversion.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.