INDEPENDENT LINEN SUPPLY & STEAM LAUNDRY CO., Inc., v.
ZAKROWSKY et al.

(Supreme Court, Appellate Term, First Department.   May 4, 1916.)

1. TROVER AND CONVERSION &⇒47—MEASURE OF DAMAGES—MARKET PRICE OF
GOODS—EFFECT OF USE.
    In an action for the price of napkins and towels alleged to have been
converted, the measure of damages was not the market price of new ar-
ticles on the date of the alleged conversion, in view of the fact that they
had been used for seven months, and that the life of such goods was
ordinarily not to exceed eight months.
    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§
265, 268, 272; Dec. Dig. &⇒47.]

2. TROVER AND CONVERSION &⇒62—EXCESSIVE DAMAGES—MARKET PRICE OF
GOODS.
    The award of damages based upon such a measure was excessive.
    [Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. &⇒
62.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Independent Linen Supply & Steam Laundry Com-
pany, Incorporated, against Israel Zakrowsky and another, doing busi-
ness as Zakrowsky & Zakin. Judgment for the plaintiff, and defend-
ants appeal. Reversed, and new trial ordered, with provision for re-
mittitur.

Argued April term, 1916, before GUY, COHALAN, and WHIT-
AKER, JJ.

John L. Bernstein, of New York City, for appellants.
Julius Blumofe, of New York City, for respondent.

COHALAN, J. This action was brought to recover the value of
5,559 napkins and 250 towels, alleged to have been converted by the
defendants. The plaintiff is engaged in the steam laundry and linen
supply business, and supplied linens to the defendants to be used by
them in their restaurant business; the understanding being that the
same should be, after use, returned to the plaintiff.

The plaintiff's contention is that it delivered a certain quantity of
napkins and towels from April 15, 1915, until August 28, 1915, and
that at the end of that time it found that there was a shortage of 5,559
napkins and 250 towels. This contention is denied by the defendants,
who assert that they paid for all the linens supplied them by the plain-
tiff, and that on the date of the termination of the contract the plain-
tiff took from the defendant's place of business all of the linens belong-
ing to it, except 11 napkins. The court found for the plaintiff for the
full amount claimed, and allowed a recovery in the sum of $199.77.

[1] While it may be conceded that the plaintiff established a cause
of action, yet it is our view that the court erred in its failure to apply
the proper measure of damages. The court permitted the plaintiff to
prove that on the 28th day of August, 1915, the date of the alleged
conversion, the cost price of the napkins was 3 cents each and the

towels 6 cents each. On the plaintiff's own showing, the napkins had been used at least seven months, and the life of the napkins was at most of only eight months' duration. It is true that the cost price of an article is some evidence of its value, but proof of the value of these articles when new is insufficient to support a judgment for conversion occurring several months later, during which time they had been in constant use.

[2] The damages were excessive, because they were based solely upon proof of their value when new, whereas there should have been proof of their value at the time of the conversion. O'Neill v. Patterson, 26 Misc. Rep. 3, 55 N. Y. Supp. 617; Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032.

Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event, unless plaintiff will stipulate within five days after entry of this order and notice thereof in the Municipal Court to reduce the judgment to the sum of $100, with proper costs in the court below, in which event the judgment, as so modified, will be affirmed. All concur.